**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-4309**

_____

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

      v.

LUIS TORRES NEGRETE,

            Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  William L. Osteen,
Jr., District Judge.  (1:08-cr-00151-WO-6)

_____

Submitted:  November 7, 2011        Decided:  November 17, 2011

_____

Before GREGORY, DUNCAN, and KEENAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Christopher A. Beechler, LAW OFFICES OF CHRISTOPHER A. BEECHLER,
Winston-Salem, North Carolina, for Appellant. Randall Stuart
Galyon, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Luis Torres Negrete pleaded guilty to conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846 (2006). The district court sentenced Negrete to eighty-four months of imprisonment, and he now appeals. Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether the district court erred in calculating the advisory Guidelines range. Negrete was informed of his right to file a pro se supplemental brief, but did not do so. Finding no error, we affirm.

On appeal, counsel questions whether the district court erred in refusing to apply a reduction in offense level under the Guidelines for Negrete's minor role in the offense. We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Layton, 564 F.3d 330, 335 (4th Cir.), cert. denied, 130 S. Ct. 290 (2009). In so doing, we first examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall, 552 U.S. at 51.

2

Moreover, in reviewing the district court's calculations under the Guidelines, we "review the district court's legal conclusions de novo and its factual findings for clear error." United States v. Manigan, 592 F.3d 621, 626 (4th Cir. 2010) (internal quotation marks and citation omitted). We will "find clear error only if, on the entire evidence, we are left with the definite and firm conviction that a mistake has been committed." Id. at 631 (internal quotation marks, alteration, and citation omitted).

Under the Guidelines, a defendant who is only a "minor participant" in a criminal activity may have his offense level reduced by two levels. U.S. Sentencing Guidelines Manual ("USSG") § 3B1.2(b) (2010). This reduction applies to a defendant who is "substantially less culpable than the average participant," "but whose role could not be described as minimal." USSG § 3B1.2(b), cmt. n.3(A) & n.5. In deciding whether the defendant played a minor role, the "critical inquiry is thus not just whether the defendant has done fewer bad acts than his co-defendants, but whether the defendant's conduct is material or essential to committing the offense." United States v. Pratt, 239 F.3d 640, 646 (4th Cir. 2001) (internal quotation marks and citation omitted). The defendant bears the burden of demonstrating that he played a minor role in the

offense by a preponderance of the evidence. United States v. Akinkoye, 185 F.3d 192, 202 (4th Cir. 1999).

We have thoroughly reviewed the record and conclude that the district court did not err in calculating the advisory Guidelines range. Moreover, the court considered the arguments of the parties and the § 3553(a) factors, and thoroughly explained its chosen sentence. See United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (district court must conduct individualized assessment based on the particular facts of each case, whether sentence is above, below, or within the guidelines range). We conclude, therefore, that the sentence is procedurally reasonable.

We have examined the entire record in accordance with the requirements of Anders and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform Negrete, in writing, of the right to petition the Supreme Court of the United States for further review. If Negrete requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Negrete. We dispense with oral argument because the facts and legal contentions are

4

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED